ALEXANDER NORTON *v.* MARK STERLING.

The foreign debtor is entitled to avail himself of our laws of prescription, just as though he had always been subject to the jurisdiction of our courts.

Where there is no allegation or proof that the foreign debtor had changed his domicil, and that the same was unknown to the creditor, or that the creditor could not, on account of some other obstacle, have instituted an action at the domicil of the debtor, the maxim, *contra non valentem agere non currit prescriptio*, will not apply.

Whatever may be thought of the policy of the law, the courts have no power except to enforce it.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.

*Lacey & Woolridge*, for plaintiff. *Whittaker & Fellows*, for defendant and appellant.

MERRICK, C. J. It is not clear that the District Judge erred on the questions of fact submitted to him.

The main defence to the action is the prescription of three years as against an open account. The indebtedness is alleged to have been incurred in 1851, for receiving, storing and forwarding railroad iron at Cairo, in the State of Illinois. The plaintiff attempted to commence suit by attachment in February, 1855, but was unsuccessful in making a seizure. Service of petition and citation were not made on defendant until May, 1858. The petition filed in 1855 describes the plaintiff as residing in this city, and the defendant as a resident of Pennsylvania.

The plaintiff contends that the maxim *contra non valentem agere non currit prescriptio*, is applicable to his case. He had judgment in the lower court and defendant appeals.

We think the plea of prescription of three years under the Act of 1852, p. 90, sec. 1 and 2, ought to have prevailed.

The account sued on is an open account, if not a merchant's account, and is thus covered by the statute.

The statute of 1848, p. 60, had reference to absent *creditors*, it is true, but even at that time there was no law which excluded the absent *debtor* from the benefit of the laws relative to prescription. C. C. 3487.

The law of 1848, partially at least, removed the incongruity of placing foreign creditors on a better footing than our own, whilst the foreign *debtor* was entitled to avail himself of our laws of prescription, the same as though he had always been subject to the jurisdiction of our courts.

There is no allegation or proof that the defendant has changed his domicil and that the same was unknown to plaintiff, or that the plaintiff could not (on account of any other obstacle) have instituted an action at the domicil of the debtor. There is, therefore, no room for the application of the maxim relied upon by plaintiff. Whatever may be thought of the policy of the law, the courts have no power except to enforce it. 14 An. 418.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed; and that there be judgment in favor of the defendant, and against the plaintiff's demand, and that the plaintiff pay the costs of both courts.

LAND, J., absent.